**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Antonio GARCIA, Defendant–Appellant.**

No. 04–40678.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney'S Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Rudy Xavier Rodriguez, Federal Public Defender'S Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Jose Antonio Garcia appeals his guilty-plea conviction and sentence for being found present in the United States following deportation and removal after having been convicted of an aggravated felony, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security. Garcia argues, pursuant to *Apprendi v. New*

---

*Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. He concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but raises it for possible review by the Supreme Court.

"*Apprendi* did not overrule *Almendarez–Torres*." *United States v. Rivera*, 265 F.3d 310, 312 (5th Cir.2001); *see Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348. We must follow the precedent set in *Almendarez–Torres* unless the Supreme Court itself determines to overrule it. *See Rivera*, 265 F.3d at 312.

Garcia also argues that if *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies to the United States Sentencing Guidelines his sentence could not be enhanced based on any prior convictions unless he admitted to them or they were found by a jury beyond a reasonable doubt. As he concedes, this argument is foreclosed by *United States v. Pineiro*, 377 F.3d 464, 465–66 (5th Cir. 2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.